IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff | ) | |
| vs. | ) | C.A. No.05-498T |
| ONE PARCEL OF REAL PROPERTY WITH BUILDINGS, APPURTENANCES, AND IMPROVEMENTS KNOWN AS 137 RESERVOIR AVENUE, LOCATED IN THE CITY OF PROVIDENCE, RHODE ISLAND Defendant | ) | |

**GOVERNMENT'S *EX PARTE* APPLICATION FOR**
**WARRANT FOR SEIZURE OF REAL PROPERTY**

NOW COMES the plaintiff, United States of America, by and through its attorneys, and makes *ex parte* application to this court, pursuant to 18 U.S.C. § 985(d)(1)(B)(ii), for the issuance of a warrant for seizure of the defendant real property located at 137 Reservoir Avenue, Providence, Rhode Island and more particularly described as follows:

> That certain lot or parcel of land with all buildings and improvements thereon situated on the westerly side of Reservoir Avenue in the City and County of Providence, State of Rhode Island, laid out and designated as lot number eleven (11) on that plat entitled, "Plat of House Lots in Cranston belonging to A.V. Dike, outline surveyed by Schubarth & Haines April 1853, drawn April 1854 by W.J. Harris", which plat is recorded in the Office of the Recorder of Deeds in said City of Providence on Plat Book 9 at page 3 and (copy) on Plat Card 229.
>
> Being the same land and premises conveyed to Peter Jose Texeira by Stephen Garcia by deed dated March 29, 2004, and recorded in the land evidence

records of the City of Providence at Book 6499, Page 0110.

As grounds therefor, the plaintiff states as follows:

1. That on November 30, 2005, the United States filed the above-styled civil forfeiture action against the named defendant real property, alleging that said property is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6) and (7).

2. That by means of this *ex parte* application, the plaintiff is hereby notifying the court of its intent to seize the defendant real property prior to trial, in accordance with the requirements of 18 U.S.C. § 985(d)(1)(A).

3. That exigent circumstances presently exist, and that seizure of the defendant real property without pre-seizure notice or hearing is necessary to protect the Government's interests in preventing the deterioration and possible destruction of the defendant real property.

4. That less restrictive measures are inadequate to protect the Government's interests, as stated herein.

A memorandum of law in support of the plaintiff's motion is

filed contemporaneously herewith for the court's consideration.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

MICHAEL P. IANNOTTI
Assistant U.S. Attorney