IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff | ) | |
| vs. | ) | C.A. No.05-498T |
| ONE PARCEL OF REAL PROPERTY WITH BUILDINGS, APPURTENANCES, AND IMPROVEMENTS KNOWN AS 137 RESERVOIR AVENUE, LOCATED IN THE CITY OF PROVIDENCE, RHODE ISLAND Defendant | ) | |

**MEMORANDUM IN SUPPORT OF GOVERNMENT'S *EX PARTE* APPLICATION FOR WARRANT FOR SEIZURE OF REAL PROPERTY**

On November 30, 2005, the United States filed the above-styled civil forfeiture action against the defendant real property, alleging that said property is subject to forfeiture to the United States of America under 21 U.S.C. §§ 881(a)(6) and (7). For the reasons set forth below, the government now makes its *ex parte* application to this court, pursuant to 18 U.S.C. § 985(d)(1)(B)(ii), for the issuance of a warrant for seizure of the defendant real property located at 137 Reservoir Avenue, Providence, Rhode Island and more particularly described as follows:

> That certain lot or parcel of land with all buildings and improvements thereon situated on the westerly side of Reservoir Avenue in the City and County of Providence, State of Rhode Island, laid out and designated as lot number eleven (11) on that plat entitled, "Plat of House Lots in Cranston belonging to A.V. Dike, outline surveyed by Schubarth & Haines April 1853, drawn April 1854 by W.J. Harris", which plat

> is recorded in the Office of the Recorder of Deeds in said City of Providence on Plat Book 9 at page 3 and (copy) on Plat Card 229.
>
> Being the same land and premises conveyed to Peter Jose Texeira by Stephen Garcia by deed dated March 29, 2004, and recorded in the land evidence records of the City of Providence at Book 6499, Page 0110.

As a general rule, real property may not be seized prior to the entry of an order of forfeiture.[1] 18 U.S.C. § 985(b)(1)(A). However, § 985(d) provides for an exception where exigent circumstances exist.

Under § 985(d)(1)(B)(ii), real property may be seized **prior** to entry of a forfeiture order if: (1) the Government notifies the court that it intends to seize the defendant property before trial, and (2) the court "makes an *ex parte* determination that there is probable cause for the forfeiture and that there is exigent circumstances that permit the Government to seize the property without prior notice and an opportunity for the property owner to be heard."

For purposes of this "exigent circumstances" exception, the Government is required to "show that less restrictive measures

---

[1] In United States v. James Daniel Good Property, 510 U.S. 43, 62, 114 S.Ct. 492, 505 (1993), the Supreme Court held that "[u]nless exigent circumstances exist, the Due Process Clause requires the Government to afford notice and a meaningful opportunity to be heard before seizing real property subject to civil forfeiture."

such as a *lis pendens*, restraining order, or bond would not suffice to protect the Government's interests in preventing the sale, destruction, or continued unlawful use of the real property." 18 U.S.C. § 985(d)(2). The facts and circumstances supporting this motion are set forth in the affidavit of Deputy United States Marshal Robert D. Young, which is attached hereto and incorporated herein.

Following the seizure of real property under §985(d)(1)(B)(ii), the court "shall conduct a prompt post-seizure hearing during which the property owner shall have an opportunity to contest the basis for the seizure." 18 U.S.C. § 985(e).

Wherefore, for the foregoing reasons the Government submits that exigent circumstances presently exist, and that the seizure of the defendant real property at this time without a pre-seizure notice or hearing is necessary to protect the Government's interests therein.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Michael P. Iannotti

MICHAEL P. IANNOTTI
Assistant U.S. Attorney